MEMORANDUM *
The district court erred in determining whether Clark’s convictions under Washington law “relat[ed] to the sexual exploitation of children.” 18 U.S.C. § 2251(e). The government argues that the court used the categorical approach to find that Clark’s convictions, under a Washington statute qualified as predicate offenses under § 2251(e). But the court didn’t restrict its analysis to the elements of the crime, as required by the categorical approach. It specifically looked to the “conduct that occurred” in the case as well as statements contained in the judgment and sentence. And the government concedes that any use of the modified categorical approach was error because the Washington statute is not divisible.
*303 Further, the district court did not have the benefit of recent decisions analyzing whether convictions under state law “relat[e] to” a federal offense. 18 U.S.C. § 2251(e); see Mellouli v. Lynch, — U.S. -, 135 S.Ct. 1980, 1990-91, 192 L.Ed.2d 60 (2015) (interpreting “relating to” language in 8 U.S.C. § 1227(a)(2)(B)(i)); United States v. Sullivan, 797 F.3d 623, 640-41 (9th Cir. 2015) (interpreting “relating to” language for the single prior conviction enhancement in § 2251(e)).
Accordingly, we VACATE Clark’s sentence and REMAND so that the district court may apply the teachings of Mellouli and Sullivan in the first instance.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.